STERN & EISENBERG, PC
1581 MAIN STREET, SUITE 200
THE SHOPS AT VALLEY SQUARE
WARRINGTON, PA 18976
TELEPHONE: (215) 572-8111
FACSIMILE: (215) 572-5025
(COUNSEL FOR MOVANT)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>Jacqueline D White<br>  Debtor(s)<br>----------------------------------------------<br>Carisbrook Asset Holding Trust<br>  Creditor/Movant<br>v.<br>Jacqueline D White<br>  Debtor(s) | Chapter: 13<br><br>Bankruptcy Case: 16-15715-AMC<br><br>Judge: CHAN, ASHELY M. |

## CONSENT ORDER/STIPULATION
## SETTLING MOTION FOR RELIEF FROM AUTOMATIC STAY

AND NOW, this _____ day of _____, 2017, upon the Motion of Carisbrook Asset Holding Trust, through its Counsel (hereinafter "Creditor"), Stern & Eisenberg PC, under 11 U.S.C. § 362(d) for relief from the automatic stay as to Debtor's real property located at **6107 Cobbs Creek Parkway, Philadelphia, PA 19143** (hereinafter, the "Property"), and the parties agreeing to the entry of the Order settling the Motion for Relief and for cause shown, it is hereby ORDERED AND DECREED as follows:

1. At the date of this Order, Jacqueline D White (hereinafter, "Debtor") acknowledges that Debtor is due for the following post-petition regular monthly payments   from June 1, 2017 as follows:

**PAYMENTS:**                  $6,114.50

06/01/2017  12/01/2017  $873.50   @ 7 MONTHS $6,114.50

**SUSPENSE**                    ($741.96)

**COUNSEL FEES/COSTS FOR MOTION**        $1,031.00

**POST-PETITION ARREARS ("ARREARS")**      $6,403.54

2. Debtor shall cure the Arrears as set forth above by paying one-sixth (1/6) of the Amount beginning **January 1, 2018.**

$1,067.25 plus the monthly payment $873.50 totaling   $1,940.75/2 months;
(01/01/2018 through 02/01/2018)

MFR – APO/STIP BF

$1,067.26 plus the monthly payment $873.50 totaling        $1,940.76/4 months;
(03/01/2018 through 06/01/2018)

3.  In the event the regular monthly payment changes for any reason, then the amount due pursuant to paragraph 2 shall be adjusted accordingly. Thereafter, Debtor agrees to continue making the regular monthly mortgage payment.

4.  Payment(s) due in accordance with this Consent Order/Stipulation shall be due on or before the 1st of each month.

5.  Debtor shall make the regular monthly payments required to the Trustee.

6.  All payments due to Creditor from Debtor are to be made directly to RoundPoint Mortgage Servicing Corporation, 5016 Plaza Blvd., Suite 200, Charlotte, NC 28217, making sure that Creditor's loan number appears on all payments.

7.  In the event Debtor fails to make any of the payments set forth hereinabove (or payments for real estate taxes and/or hazard insurance when due) on or before their due dates, Creditor and/or Counsel may give Debtor and Debtor's counsel notice of the default.

8.  If any such default is not cured within ten (10) days of said notice of the default, upon certification to the court of such default, and request for Order, with a copy to Debtor and Debtor's counsel, Creditor shall immediately have relief from the bankruptcy stay, per the form of the attached Order which is made part hereof as Exhibit "A".

9.  Debtor shall pay $75.00 for each Notice of Default issued by Creditor as a result of Debtor's failure to make payments in accordance with this Order.

10. The failure by Creditor, at any time, to file a Certification of Default upon default by Debtor shall not be construed, nor shall such failure act, as a waiver of any of Creditor's rights hereunder.

11. Upon issuance of the aforesaid Order, the parties hereto further agree that Creditor (and any assignee/successor-in-interest) may proceed in state court to exercise all rights and remedies available to it as a mortgagee and creditor under state and federal law including, but not limited to, the initiation of and continuation of foreclosure and execution process through sheriff's sale concerning the Property and ejectment thereafter.

12. In the event Debtor converts to a bankruptcy under Chapter 7 of the Bankruptcy Code, Debtor shall pay all pre-petition arrears and post-petition arrears within ten (10) days from the date that the case is converted. If Debtor fails to make payment in accordance with this paragraph then Creditor, through Counsel, may file a certification setting forth said failure and Creditor shall be granted immediate relief from the automatic stay in the form of Order attached as Exhibit "A".

13. It is further agreed that the 14-day stay provided by Rule 4001(a)(3) is hereby waived.

14. Facsimile signatures shall be as valid as original signatures and this Consent Order/Stipulation may be signed in counterparts.

By signing this Stipulation/Consent Order, Debtor's Counsel represents that Debtor is familiar with and understand the terms of the Stipulation/Consent Order and agree to said terms regardless of whether Debtor has actually signed said stipulation. Seen and agreed by the parties on the date set forth below:

/s/Christopher M. McMonagle, Esq.
Christopher M. McMonagle, Esq.
Stern & Eisenberg, PC
1581 Main Street, Suite 200
The Shops at Valley Square
Warrington, PA 18976
Telephone: (215) 572-8111
cmcmonagle@sterneisenberg.com
Counsel for Creditor
Date: December 2, 2017

Brad J. Sadek, Esquire
1315 Walnut Street
Suite 502
Philadelphia, PA 19107
215-545-0008
Email: brad@sadeklaw.com
Counsel for Debtor(s)
Date: _____

William C. Miller, Esquire, Chapter 13 Trustee
Date: _____ 12-4-17   JACK MILLER

MFR – APO/STIP BF